# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

WAYNE ROBERT FARREN,

Defendant-Appellant.

UNPUBLISHED
December 28, 2017

No. 326593
Crawford Circuit Court
LC No. 12-093344-FC

ON REMAND

Before: GLEICHER, P.J., and SAWYER and M. J. KELLY, JJ.

PER CURIAM.

This case returns to this Court on remand from our Supreme Court. The sole issue we are directed to consider is whether the trial court imposed a reasonable sentence under the principle-of-proportionality standard set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). For the reasons set forth in this opinion, we affirm.

## I.  BASIC FACTS

Defendant, Wayne Farren, was found guilty by a jury of accosting a child for immoral purposes, MCL 750.145a, assault and battery, MCL 750.81, possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(*v*), and attempted second-degree criminal sexual conduct (CSC II), MCL 750.520c(1)(a); MCL 750.92. This Court briefly summarized the facts in our second opinion in this case:

> Farren's convictions arise out of an incident at a party. Evidence showed that Farren expressed an interest in making sexual contact with a child present at the party and later attempted to force the child to make sexual contact. A relative of the child discovered Farren with the child and they fought. Farren left the party on foot and an officer stopped him after noticing that he was bleeding. After investigating the fight, officers arrested Farren, searched him, and discovered cocaine. [*People v Farren*, unpublished per curiam opinion of the Court of Appeals, issued May 17, 2016 (Docket No. 326593) (*Farren II*), p 1.]

-1-

Farren was initially sentenced as a fourth-offense habitual offender, MCL 769.12, to serve 5 to 15 years for accosting a child for immoral purposes, 93 days for assault and battery, 2 to 15 years for possession of cocaine, and 10 to 20 years for attempted CSC-II. The sentence imposed for attempted CSC-II was an upward departure sentence.

Farren appealed, raising a number of challenges to his convictions and sentences. This Court affirmed his convictions, but determined that the trial court had improperly applied the mandatory minimum for sexual offenses under MCL 750.520f to Farren's sentence. *People v Farren*, unpublished per curiam opinion of the Court of Appeals, issued March 18, 2014 (Docket No. 312951) (*Farren I*), p 6. This Court also determined that the trial court had failed to articulate why the extent of the departure sentence imposed was appropriate. *Id*. at 7. Accordingly, this Court remanded for resentencing. *Id*.

On remand, the trial court again departed from the sentencing guidelines. It sentenced Farren to serve 46 months to 15 years in prison for accosting a child, 93 days for assault and battery, 2 to 15 years for possession of cocaine, and 10 to 20 years for attempted CSC-II. Farren appealed. Relevant to the issue currently before this Court, he argued that the trial court erred by imposing an upward departure because, under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), his sentence was unreasonable.

This Court applied *Milbourn's* principle of proportionality test, and concluded that the sentence imposed was reasonable. We explained:

> On appeal, the prosecutor argues that this Court can and should conclude that the minimum sentence selected by the trial court was proportionate to both the offender and the nature of his offenses. Therefore, the prosecutor concludes, we should affirm Farren's sentences as reasonable. Contrary to Farren's contention on appeal, we do not believe that the trial court departed because it felt that he was guilty of a more serious offense than attempted CSC II. Rather, the trial court evidently considered the nature and number of Farren's prior offenses and the seriousness of the attempt at issue and concluded that the guidelines did not adequately account for his background and the seriousness of the offense. It then examined the sentencing grid that would have applied to a completed CSC II offense in order to obtain some guidance as to what might constitute an appropriate departure, which is appropriate. See *People v Smith*, 482 Mich 292, 309; 754 NW2d 284 (2008) (stating that it is helpful for a sentencing court to review the various sentencing grids when contemplating the extent of a departure). On review of the trial court's stated reasons for departing, we agree with the prosecution and conclude that the departure appears proportionate to the offender and offense under the totality of the circumstances. See *Milbourn*, 435 Mich at 651.[*Farren II*, unpub op at 3.] [1]

---

[1] We note that this portion of our opinion was not expressly reversed by our Supreme Court. Instead, the Court reversed the portion of our opinion that remanded for *Crosby* proceedings.

However, we did not affirm Farren's sentence. Instead, we remanded for a *Crosby* proceeding in accordance with this Court's determination in *People v Steanhouse*, 313 Mich App 1; 880 NW2d 297 (2015) (*Steanhouse II*), rev'd in part 500 Mich 453 (2017), that it was appropriate to remand a case to the sentencing court where the sentencing court was unaware that its departure determination was subject only to a reasonableness requirement. *Farren II*, unpub op at 3.

Farren applied for leave to our Supreme Court, which held his application in abeyance pending resolution of the appeals in *Steanhouse I* and *People v Masroor*, 313 Mich App 358; 880 NW2d 812 (2015), rev'd in part 500 Mich 453 (2017).[2] On July 24, 2017, the Court decided those cases. Relevant to this appeal, the Court rejected this Court's opinion in *Steanhouse I* to the extent that it found that ordering a *Crosby* remand in every pre-*Lockridge* case where there had been an upward departure sentence was necessary. *People v Steanhouse*, 500 Mich 453, 460-461; 906 NW2d 327 (2017) (*Steanhouse II*). The Court stated that it had "made clear in *Lockridge* that defendants who receive upward departure sentences cannot show prejudice from the Sixth Amendment error." *Id*. at 461. The Court held that in such instances, "the proper approach is for the Court of Appeals to determine whether the trial court abused its discretion by violating the principle of proportionality." *Id*.

Thereafter, our Supreme Court entered an order in the case sub judice, reversing the part of *Farren II* that remanded this case to the trial court for a *Crosby* proceeding and remanding to this Court "for plenary review of [Farren's] claim that his sentence was disproportionate under the standard set forth in [*Milbourn*]. See *Steanhouse [II]*, 500 Mich [at] 460-461." Accordingly, this Court is tasked with determining whether Farren's sentence is reasonable under the standard set forth in *Milbourn*.

## II. REASONABLENESS

## A. STANDARD OF REVIEW

Farren argues that the trial court's departure sentence was unreasonable. A trial court's decision to depart from the now-advisory legislative sentencing guidelines is reviewed for reasonableness. *Lockridge*, 498 Mich at 365. In doing so, this Court "must review 'whether the trial court abused its discretion by violating the principle of proportionality set forth' in *Milbourn*." *People v Steanhouse (On Remand)*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No 318329); slip op at 2 (citation omitted). A trial court abuses its discretion if it violates the principle of proportionality test "by failing to provide adequate reasons for the extent of the departure sentence imposed. . . ." *Id*. (citation and quotation marks omitted).

---

*People v Farren*, ___ Mich ___ (2017). Nevertheless, given that the Court also remanded for plenary review of the reasonableness of Farren's sentence, we have looked at the issue anew.

[2] *People v Farren*, 902 NW2d 606 (Mich, 2017).

B. ANALYSIS

In *Steanhouse II*, our Supreme Court recognized that the principle of proportionality test in *Milbourn* has a lengthy jurisprudential history in our state and "reaffirmed the proportionality principle adopted in *Milbourn* and reaffirmed" in *People v Babcock*, 469 Mich 247; 666 NW2d 231 (2003) and *Smith*, 482 Mich 292.[3]  *Steanhouse II*, 500 Mich at 472-473.  Quoting *Milbourn*, 435 Mich at 651, the Court explained that under the principle of proportionality

> a judge helps to fulfill the overall legislative scheme of criminal punishment by taking care to assure that the sentences imposed across the discretionary range are proportionate to the seriousness of the matters that come before the court for sentencing.  In making this assessment, the judge, of course, must take into account the nature of the offense and the background of the offender. [*Steanhouse II*, 500 Mich at 472.]

As such, the " 'key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range."  *Id.*, quoting *Milbourn*, 435 Mich at 661.

In *People v Dixon-Bey*, ___ Mich App ___; ___ NW2d ___ (2017) (Docket No. 331499); slip op at 18-19, this Court explained:

> [R]elevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1)

---

[3] Although our Supreme Court reaffirmed the principle of proportionality test set forth in *Milbourn*, it cautioned that there is no presumption that a sentence outside the guidelines range is unreasonable.  *Steanhouse II*, 500 Mich at 474.  Nevertheless, the Court stated that when engaging in a proportionality or reasonableness review of a sentence that departs from the guidelines, a trial court must continue to consult the guidelines and take them into account when sentencing.  *Id.* at 474-475.  Further, it stressed that the fact that a sentence either adheres to or departs from the guidelines is not the key inquiry; rather, whether the sentence is proportionate to the seriousness of the matter is what a court should focus on.  *Id.* at 475.  Nevertheless, when departing from the now-advisory sentencing guidelines, the Court explained that a trial court abuses its discretion to apply the principle of proportionality if it fails "to provide adequate reasons for the extent of the departure sentence imposed."  *Id.* at 476.  We take this to mean that when reviewing a sentence for reasonableness, reference to the guidelines, and whether they adequately account for the reasons stated for the departure, is still permissible to evaluate whether the extent of a departure is reasonable.  See *Steanhouse (On Remand)*, ___ Mich App at ___; slip op at 2-3)(recognizing that a trial court must evaluate whether reasons exist to depart from the guidelines that have not already been accounted for in the guidelines and concluding that a trial court must also evaluate whether the extent of the departure is proportionate to the seriousness of the circumstances surrounding the offense and the offender); See also *People v Dixon-Bey*, ___ Mich App ___; ___ NW2d ___ (2017) (Docket No. 331499); slip op at 18-19 (accord).

-4-

whether the guidelines accurately reflect the seriousness of the crime, (2) factors not considered by the guidelines, and (3) factors considered by the guidelines but given inadequate weight. [Citations omitted.]

Factors not considered by the guidelines include "the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation." *Steanhouse (On Remand)*, ___ Mich App at ___; slip op at 3 (citation and quotation marks omitted). The trial court must "justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Dixon-Bey*, ___ Mich App at ___; slip op at 19 (citation and quotation marks omitted).

Farren's presentence investigative report provides:

Weaknesses for consideration at the time of sentence would include, defendant has a juvenile adjudication for CSC 1st Degree. His adult record consists of four felonies, two of which are for Attempted CSC 3rd and he has three misdemeanors. The present offense is the result of Mr. Farren making inappropriate sexual advances towards a 12 year old boy. He now stands convicted by a jury for three more felonies; two for CSC and one for drug possession, and a misdemeanor for Assault and Battery. Based on the number of CSC convictions on his record, all involving minors as victims, it is clearly evident that Mr. Farren is a sexual predator.

At trial, evidence was admitted that when he was 26 years old, Farren engaged in sexual intercourse with a 15-year-old girl and that he digitally and orally penetrated a 13-year-old-girl. Based on this history, the trial court found that a departure was warranted. The trial court explained that Farren had exhibited a "pattern of crimes[,] and the similar nature of these crimes . . . can be a basis for departure." The trial court found that, based on the pattern of the crimes, there was a likelihood that Farren would reoffend or "the same type of thing [would] happen again." See *People v Petri*, 279 Mich App 407, 411; 760 NW2d 882 (2008) ("A defendant's propensity to commit criminal sexual behavior can be relevant and admissible . . . to demonstrate the likelihood of the defendant committing criminal sexual behavior toward another minor."). A defendant's potential for rehabilitation is an appropriate consideration when deciding whether a departure sentence is proportionate. *Steanhouse (On Remand)*, ___ Mich App at ___; slip op at 3.

Moreover, although Farren received points under prior record variables (PRVs) 2 and 3, MCL 777.52 and MCL 777.53, to account for his prior felony convictions and juvenile adjudications, these variables do not take into account the *nature* of the prior offenses. Specifically, they do not account for the fact that Farren has demonstrated a proclivity to commit sexual assaults against minors. Thus, the trial court was correct to consider this fact as warranting an upward departure. See *Dixon-Bey*, ___ Mich App at ___; slip op at 18-19 (explaining that factors not considered by the sentencing guidelines or given inadequate weight may properly be considered as warranting a departure from the sentencing guidelines).

The trial court was also correct to consider whether the sentencing guidelines "accurately reflect[ed] the seriousness of the crime . . . ." *Id*. at 19. In this case, it appears that the only reason a 12-year-old boy was not sexually assaulted by Farren was because someone else intervened to protect the child from defendant's advances. The sentencing guidelines do not account for the "near-miss" nature of this particular incident; accordingly, it was proper for the trial court to rely on this factor as warranting an upward departure. The trial court also utilized a proper method to determine the extent of the departure. The trial court examined the sentencing grid that would have applied to a completed CSC II offense in order to obtain some guidance as to what might constitute an appropriate departure, which is appropriate. See *Smith*, 482 Mich at 309 (stating that it is helpful for a sentencing court to review the various sentencing grids when contemplating the extent of a departure).

On the whole, the trial court's sentencing decision is proportionate under the framework established by *Milbourn* and its progeny. We therefore reaffirm our prior conclusion that Farren's departure sentence is reasonable.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ David H. Sawyer
/s/ Michael J. Kelly